**Robert H. SPICER, Plaintiff,**

v.

**PENNSYLVANIA RAILROAD COMPANY, Defendant.**

**Civ. A. No. 26781.**

United States District Court
E. D. Pennsylvania.
June 30, 1961.

John J. McCarty, Philadelphia, Pa., for plaintiff.

Richard G. Schneider, Philadelphia, Pa., for defendant.

WELSH, Senior Judge.

Plaintiff, Robert H. Spicer, brought this action under the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq. to recover for injuries allegedly received by him on or about May 12, 1959 at the defendant's Altoona shop. The plaintiff claims that he was struck between the eyes by a die from a rivet gun during a riveting operation.

Plaintiff's complaint, which was filed on August 4, 1959, alleges, inter alia, that as a result of the accident the plaintiff suffered "concussion of the brain with injuries to its nerves, cells, tissues and functions". Defendant filed its answer to plaintiff's complaint on August 31, 1959.

On April 14, 1961, defendant filed the instant motion for leave to amend its answer to the complaint to allege, in effect, the defense of fraud on the part of plaintiff in securing employment with the defendant.

The allegations in support of defendant's motion may be stated as follows:

In January 1961, defendant's attorney received a copy of plaintiff's military medical service record pursuant to a letter of authorization furnished him by plaintiff's attorney. The military medical service record states, among other things, that while the plaintiff was in the service in World War II, he suffered from a character and behavior disorder, which was manifested by hysterical fainting spells. The history of illness given by the plaintiff at that time is recorded in the military medical service record as follows: "Patient has had attacks of unconsciousness as far back as he can remember in early childhood. They were certainly present before age 9 when he entered school as he 'had had them for a long time by then'. These attacks have an aura of nausea and at times actual vomiting associated with them. Then in a few minutes patient became unconscious. Unconsciousness lasts for 30 minutes to 1 hour, and during it patient lies perfectly still and very limp. At times he has soiled himself with urine and feces, but this is rare. Nor does he bite his tongue. On coming out of an attack he is weak and drowsy. Attacks occur anywhere from 1 x weekly to 1 x monthly, with some increase in hot weather. Slight frontal headache after. Patient started school late—age 7—because of these. In school he did poorly getting as far as the 4th grade by 15 when he quit to go work on a farm. Outdoor work helped somewhat in decreasing attacks, but not much. Patient's mother has similar attacks, and has had them for as long as patient can remember. In Army patient has evaded detection thus far because with the aura of nausea he could take himself off away from his fellows. This time he was caught in a dispensary when this happened, and protested vehemently against coming to the hospital for investigation." When the plaintiff originally applied for employment with the defendant shortly before World War II, he submitted to a physical examination and, in connection therewith, was asked questions about his physical condition. Upon specific ques-

tioning, he denied that he had ever suffered from a fit or unconscious attack and failed to disclose any of the facts referred to in the military medical record. If the plaintiff had disclosed the true nature and extent of his medical history, the defendant would have refused his application for employment.

It is defendant's position that the plaintiff's failure to disclose his true medical history and his misrepresentations concerning these matters constituted fraud upon the defendant which prevented any contract of employment from being entered into between the plaintiff and the defendant.

█ 1. The defense which the defendant seeks to raise, based on false statements in the plaintiff's application for employment, is a well recognized defense in actions under the Federal Employers' Liability Act. Minneapolis, St. P. & S. S. M. R. Company v. Rock, 279 U. S. 410, 49 S.Ct. 363, 73 L.Ed. 766 and Casso v. Pennsylvania Railroad Company, 3 Cir., 219 F.2d 303.

█ 2. Even though defendant's motion for leave to amend its answer to allege the aforesaid defense was filed approximately a year and a half after the filing of the original answer, we consider that it was timely filed since it was filed only three months after receipt of the information which forms the basis of the defense.

3. There has been no suggestion that the defendant in requesting leave to assert the aforesaid defense at this time has been guilty of bad faith or is acting for purposes of delay. Allowing the amendment will not unduly prejudice the plaintiff or delay the trial, and will enable the issue of fraud in securing employment, as well as all the other issues, to be presented to the jury.

4. For reasons stated herein, defendant's motion for leave to amend its answer to plaintiff's complaint will be granted.

An appropriate order will be prepared and submitted by counsel for defendant.